<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LATCHMIE TOOLASPRASHAD, | : | Civil No. 07-5860 (RBK) |
| Plaintiff, | : |  |
| v. | : | <u>OPINION</u> |
| JAMES WILLIAMS, et al., | : |  |
| Defendants. | : |  |

**APPEARANCES:**

    LATCHMIE TOOLASPRASHAD, #10975-056
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey  08640
    Plaintiff <u>Pro</u> <u>Se</u>

**KUGLER**, District Judge

    Latchmie Toolasprashad, a federal prisoner currently confined at F.C.I. Fort Dix, submitted to the Clerk for filing a <u>pro se</u> Complaint with an application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  By Order entered January 11, 2008, this Court denied Plaintiff's application to proceed <u>in forma pauperis</u> with prejudice and administratively terminated the action, without prejudice to the filing of the Complaint upon prepayment of the $350.00 filing fee.[1]  This Court reopened the case on February 15, 2008, upon Plaintiff's

---

[1] Because while incarcerated, Plaintiff has had at least three prior civil actions and/or appeals dismissed by a court of the United States on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, and the facts alleged in the Complaint do not show that Plaintiff is under imminent danger of serious physical injury, Plaintiff is barred
                                                                                                                                                 (continued...)

prepayment of the filing fee.  Having thoroughly reviewed the allegations set forth in the Complaint, pursuant to the requirements of 28 U.S.C. § 1915A(a), the Court will dismiss the Complaint without prejudice to the filing of an amended complaint which complies with the Federal Rules of Civil Procedure.

## I.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ."  Fed. R. Civ. P. 8(a).  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see

---

[1](...continued)
from proceeding in this action without prepayment of the filing fee.  See 28 U.S.C. § 1915(g).

also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  As for dismissal for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Pinker, 292 F. 3d at 374 n.7. See also Twombly, 127 S. Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial , establish a case which would entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).
>
> *                    *                    *
>
> The issues raised by Twombly are not easily resolved, and likely will be a source of controversy for years to come.  Therefore, we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context.  Reading Twombly to impose a "plausibility" requirement outside the § 1 context, however, leaves us with the question of what it might mean. "Plausibility" is related to the requirement of a Rule 8 "showing." In its general discussion, the Supreme Court explained that the concept of a "showing" requires only notice of a claim and its grounds, and distinguished such a showing from "a pleader's bare averment that he wants relief and is entitled to it."  Twombly, 127 S. Ct. at 1965 n.3.  While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .
>
> The complaint at issue in this case clearly satisfies this pleading standard, making a sufficient showing of enough factual matter (taken as true) to suggest the required elements of Phillips' claims.

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Twombly. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Moreover, a court should not dismiss a complaint with prejudice without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

## II. DISCUSSION

The Complaint in this case is 42 pages long (142 paragraphs), with 56 pages of attachments. Plaintiff brings claims against 11 named persons (plus John and Jane Does) who had some role in his confinement since 2001, including counselors, unit managers, case managers, an assistant warden and a warden. The rambling Complaint charges some defendants with retaliation, others with withholding incoming legal mail, others with transferring him from one wing to another, and others with interfering with parole hearings in 2003, 2004 and 2006. The Complaint describes events in minute detail, but fails to satisfy the requirement of Rule

8(a)(2) that it set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and the requirement of Rule 8(d)(1) that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). See McNeil v. United States, 508 U.S. 106, 113 (1993) (procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel); Salahuddin v. Cuomo, 861 F. 2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint naming numerous defendants, setting forth numerous causes of action, and numbering 15 pages and 88 paragraphs); Burks v. City of Philadelphia, 904 F. Supp. 421, 424 (E.D. Pa. 1995) (pleading which represented a "gross departure from the letter and the spirit of Rule 8(a)(2)" in failing to contain a short and plain statement of claims struck by District Court). This Court will accordingly dismiss the Complaint for failure to comply with Rule 8(a)(2) and (d)(1). The dismissal is without prejudice to the filing of an amended complaint, within 30 days of the date of the entry of the Order accompanying this Opinion, which sets forth a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and contains allegations that are "simple, concise and direct," Fed. R. Civ. P. 8(d)(1).

      Plaintiff is cautioned, however, that if he elects to file an amended complaint, then the amended complaint must also comply with Rule 20(a)(2) of the Federal Rules of Civil Procedure, which limits the joinder of defendants, and Rule 18(a), which governs the joinder of claims. See Fed. R. Civ. P. 18(a), 20(a)(2). Rule 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will

arise in the action." Fed. R. Civ. P. 20(a)(2)(A) and (B).  Rule 18 (a) provides : "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).  Wright & Miller's treatise on federal civil procedure explains that, where multiple defendants are named, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action.  It is not concerned with joinder of claims, which is governed by Rule 18.  Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all . . .

Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, 7 Federal Practice & Procedure Civil 3d §1655; see also United States v. Mississippi, 380 U.S. 128, 143 (1965) (where county registrars were alleged to be carrying on activities which were part of a series of transactions or occurrences the validity of which depended upon questions of law or fact common to all of them, joinder of registrars in one suit as defendants was proper under Rule 20(a)); Ross v. Meagan, 638 F. 2d 646, 650 n.5 (3d Cir. 1981), overruled on other grounds by, Neitzke v. Williams, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).

   In this case, Plaintiff may not name more than one defendant in his amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant, and involves a common question of law or fact.  See Fed. R. Civ. P. 20(a)(2).

As the United States Court of Appeals for the Seventh Circuit recently explained, a prisoner may not join in one case all defendants against whom he may have a claim, unless he or she satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . .
>
> A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner.

George v. Smith, 507 F. 3d 605, 607 (7th Cir. 2007).

Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action [but o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In the event that Plaintiff improperly joins defendants in an amended complaint contrary to Rule 20(a)(2), this Court will drop the defendants who are not properly joined pursuant to Rule 21, without prejudice to Plaintiff's bringing one or more new actions against the improperly joined defendant(s). Plaintiff is reminded that, because while incarcerated, Plaintiff has had at least three prior civil actions or appeals dismissed by a federal court as frivolous, malicious, or for failure to state a claim upon which relief may be granted, he may not proceed in forma pauperis in any new action unless the complaint shows that Plaintiff is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## III.  CONCLUSION

For the reasons set forth above, the Court will dismiss the Complaint because it does not comply with Rule 8(a)(2).  The dismissal is without prejudice to the filing of an amended complaint which complies with Rules 8 and 20(a)(2), within 30 days of the date of the entry of the Order accompanying this Opinion.


       s/Robert B. Kugler
       **ROBERT B. KUGLER, U.S.D.J.**


Dated:     June 27    , 2008