<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LATCHMIE TOOLASPRASHAD, | : | Civil No. 07-5860 (RBK) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION** |
| JAMES WILLIAMS, et al., | : | |
| Defendants. | : | |

    Presently before this Court are four motions filed by Plaintiff, <u>i.e.</u>, motion to file a second amended complaint [docket entry #16], motion to file a supplement to the second amended complaint [docket entry #17], motion to consolidate this action with <u>Toolasprashad v. BOP</u>, Civil No. 09-5335 (RBK) (D.N.J. filed Oct. 20, 2009); and motion asking this Court to apply the holding of <u>Brodheim v. Cry</u>, 584 F. 3d 1262 (9th Cir. 2009), and it appearing that:

    1. The Clerk received the Complaint [docket entry #1] on December 10, 2007, with Plaintiff's application to proceed <u>in forma pauperis</u>.

    2. By Order [docket entry #2] entered January 11, 2008, this Court denied Plaintiff's application to proceed <u>in forma pauperis</u> with prejudice because Plaintiff is barred from proceeding without prepayment of the filing fee, pursuant to 28 U.S.C. § 1915(g), since while incarcerated, Plaintiff has had at least three prior civil actions and/or appeals dismissed by a court of the United States on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, and the facts alleged in the Complaint did not show that Plaintiff was under imminent danger of serious physical injury.

3. Plaintiff paid the $350.00 filing fee on February 8, 2008. By Order [docket entry #3] entered February 15, 2008, this Court reopened the file.

4. By Opinion and Order [docket entry nos. 6, 7] entered June 30, 2008, this Court dismissed the Complaint without prejudice to the filing of an amended complaint which complies with the Federal Rules of Civil Procedure. This Court ruled that the Complaint did not comply with the mandate of Rule 8(a)(2) that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and the requirement of Rule 8(d)(1) that "[e]ach allegation must be simple, concise and direct." Fed. R. Civ. P. 8(a)(2) and (d)(1). The dismissal was without prejudice to the filing of an amended complaint which complies with Rule 8, as well as Rule 20(a)(2), limiting the joinder of defendants and Rule 18(a), governing the joinder of claims.

5. Plaintiff thereafter filed an Amended Complaint [docket entry #8], an Amendment to Amended Complaint [docket entry #11], and a motion to supplement and correct Amended Complaint [docket entry #12].

6. By Order [docket entry #15] entered April 30, 2009, this Court granted the motion [docket entry #12] to supplement and correct the Amended Complaint and dismissed the Amended Complaint, as supplemented, without prejudice to the filing of a second amended complaint stating a cognizable access to courts claim, within 30 days of the date of the entry of the Order.

7. In the Opinion [docket entry #14], this Court dismissed the First Amendment retaliation claims, First Amendment Petition Clause claims, and claims regarding interference

with parole hearing preparation, with prejudice, for failure to state a claim upon which relief may be granted.

      8.  This Court dismissed Plaintiff's claim that defendants retaliated for his frequent assistance to fellow prisoners in exposing the corruption at FCI Fort Dix on the ground that prisoners do not possess a First Amendment right to provide legal assistance to fellow inmates under Shaw v. Murphy, 532 U.S. 223, 225 (2001).  The Court further held that, to the extent that the Amended Complaint asserted that the constitutionally protected conduct was Plaintiff's pursuit of his own administrative remedy requests and civil actions, the retaliation claims failed because the alleged retaliatory actions were not sufficiently adverse and because prison officials acted in furtherance of at least one legitimate governmental interest.  This Court held that the alleged transfer from the East Compound to the West Compound of FCI Fort Dix did not rise to the level of an adverse action, given that it was within the same prison and it lasted only 12 days. See Smith v. Yarrow, 78 Fed. App'x 529, 543 (6th Cir. 2003); Hix .v Tennessee Dept. of Corrections, 196 Fed. App'x 350, 358 (6th Cir. 2006).  This Court further held that the 63-day delay in the delivery of an incoming letter from the chambers of a federal judge was not an adverse action because Plaintiff eventually received the letter and he failed to show that delay in receipt of the letter caused harm to his pursuit of a nonfrivolous legal claim.  This Court held that delaying the visit from forensic psychologist James Hilkey until three days before Plaintiff's June 5, 2006, parole hearing was not an adverse action because Plaintiff did not assert that the delay harmed him in any way.  This Court held that the transfer on May 2, 2008, from the food service job to the landscaping job was not sufficiently adverse because Plaintiff was transferred to the

landscaping job for a total of one hour, and the transfer from the landscaping job to the janitor job was not adverse because Plaintiff himself requested this transfer.

    9.  In his motion [docket entry #16] to file a second amended complaint, Plaintiff contends that this Court misunderstood his claims, which he attempts to clarify in the second amended complaint.  The Second Amended Complaint, which consists of 16 pages, is attached to the motion as docket entry #16-2, together with copies of several administrative remedy requests and the responses to those remedy requests.

    10.  This Court will grant Plaintiff's motion to file the Second Amended Complaint and will determine whether the Second Amended Complaint states any cognizable claims under the standard set forth in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009).  Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Court identified two working principles in reviewing a complaint for failure to state a claim:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . .  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).

A.  Retaliation

     11.  The Second Amended Complaint repeats essentially the same allegations as the first Amended Complaint with respect to Plaintiff's retaliation claims, but again fails to show that the alleged retaliatory actions were sufficiently adverse.  Specifically, Plaintiff again complains that he was transferred from the East Compound to the West Compound for 12 days in retaliation for filing grievances.  He again asserts that, in retaliation, defendants withheld mail from the chambers of a district judge in the District of Columbia for 63 days.  Plaintiff adds the allegation that "the 63 days' delay in delivery of the legal mail prevented plaintiff from seeking reconsideration on a sur reply order, which plaintiff will show through discovery, if this Court allows this action to proceed."  (Docket entry #16-2 at p. 6.)  However, these allegations neither satisfy the adverse action element of a retaliation claim nor state a cognizable access to courts claim.  The facts set forth in the Second Amended Complaint, as supplemented, do not show that the transfer to another section of FCI Fort Dix for 12 days was sufficiently adverse.  Like the Amended Complaint, the Second Amended Complaint fails to assert facts showing that the 63-day delay in the receipt of mail from the court harmed Plaintiff.  For example, Plaintiff fails to specify the docket number or what order Plaintiff wanted the court to reconsider, and he fails to assert facts showing that his motion for reconsideration was meritorious, or why he couldn't have requested additional time to file a motion to reconsider based on the withholding of the order for 63 days. Plaintiff again asserts in the Second Amended Complaint, as supplemented, that the transfer from the food service job on May 2, 2008, to the landscaping job for one hour was in retaliation for his filing of grievances for years, but nothing asserted in the Second Amended

5

Complaint alters this Court's ruling that the transfer to the landscaping position for one hour and the transfer to the janitor job at Plaintiff's request were not sufficiently adverse to constitute an adverse action.  See Starr v. Dube, 334 Fed. App'x 341, 342-43 (1st Cir. 2009) (retaliatory filing of disciplinary charge that was dismissed one week later does not constitute adverse action); Walker v. Bowersox, 526 F. 3d 1186, 1190 (8th Cir. 2008) ("the two incidents when Knarr directed others to give Walker an alternative meal, although purportedly retaliatory, were not sufficiently severe to amount to a constitutional violation"); Morris v. Powell, 449 F. 3d 682, 685-86 (5th Cir. 2006) (prisoner's retaliatory job reassignment from the commissary to the kitchen for one week, with one day spent in the unpleasant pot room, was not sufficiently adverse to satisfy adverse action requirement because acts that cause only a "few days of discomfort," impose "a minor sanction" or an otherwise constitutional restriction on inmate are not sufficiently adverse); Gill v. Tuttle, 93 Fed. App'x 301, 303-04 (2d Cir. 2004) (to establish retaliation claim, inmate must allege adverse action that imposes a substantial impact on inmate); Jones v. Greninger, 188 F. 3d 322, 325-26 (5th Cir. 1999) (although retaliatory intent was properly alleged, claim that inmate was restricted to five hours per week in law library in retaliation for filing grievances failed because the alleged adverse acts did not rise to level of constitutional claim).

12.  Plaintiff attempts to salvage his retaliation claim by supplementing the Second Amended Complaint with an email dated May 21, 2008, from Stephen Servoss to DaShawn China and Douglas Williams which states that Plaintiff "was moved out of Food Service at the Wardens command" and "don't do anything for Latch he is very hot see me first."  [Docket #17-1 at p. 6.]  This Court will grant the motion [docket entry #17] to file the supplement to the

Second Amended Complaint.  Assuming *arguendo* that this email is authentic, it is not relevant to this Court's determination that the allegedly retaliatory actions taken against Plaintiff were not sufficiently adverse to satisfy the "adverse action" requirement for a retaliation claim.

   13.  Plaintiff also filed a motion [docket entry #20] asking this Court to apply the holding of Brodheim v. Cry, 584 F. 3d 1262 (9th Cir. 2009), a prisoner retaliation case in which the Ninth Circuit held that "the mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect."  Id. at 1270.  However, the Third Circuit has not held that the mere threat of harm satisfies the adverse action requirement and this Court is bound to follow holdings from the Third Circuit.  To the contrary, the Third Circuit has repeatedly required an inmate to show "an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights and [] a causal link between the exercise of his constitutional rights and the adverse action taken against him."  Mitchell v. Horn, 318 F. 3d 523, 530 (3d Cir. 2003 (citation and internal quotation marks omitted).  In any event, because Plaintiff does not assert in the Second Amended Complaint that defendants merely threatened to take adverse action, the Brodheim case is factually irrelevant.  This Court will accordingly deny the motion to apply the holding of Brodheim to this case.

B.  Access to Courts

   14.  As permitted by this Court's prior Order, Plaintiff attempts to assert an access to courts claim.  Plaintiff asserts that defendants systematically rejected his administrative remedy requests because they contained abusive language.  Specifically, he asserts in the Second Amended Complaint that defendants "rejected plaintiff's properly filed grievances in an effort to systematically muzzl[e] the first amendment written speech in which the defendants failed to cite

7

. . what [language was] abusive/insolent . . ., as it is difficult to know what the defendants would find not [to] their liking, and [they] continued [to] prevent[] plaintiff from properly presenting his grievances and illegally specify[] what language defendants want him to use." [Docket entry #16-2 at p. 8.] Plaintiff concludes that this alleged systematic rejection of his administrative remedy requests denied Plaintiff access to the courts and the right to petition the government for redress of grievances, insofar as 42 U.S.C. § 1997e(a) requires inmates to exhaust administrative remedies prior to bringing a civil action.

15.  Plaintiff is correct that the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), contains an administrative exhaustion requirement for prisoners seeking relief for prison conditions; the statute provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

16.  However, as this Court explained in its prior Opinion, to establish standing for an access to courts claim, prisoners must assert "(1) that they suffered an actual injury - that they lost a chance to pursue a nonfrivolous or arguable underlying claim; and (2) that they have no other remedy that may be awarded as recompense for the lost claim other than in the present denial of access suit." Monroe v. Beard, 536 F. 3d 198, 205 (3d Cir. 2008) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002) (internal quotation marks omitted). "The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" Monroe at 205-06 (quoting Christopher at 416-17). Because

Plaintiff's Second Amended Complaint fails to specify causes of action lost, fails to factually demonstrate that the lost causes were non-frivolous, and fails to show that he has no other remedy to compensate him for his lost claims, Plaintiff's Second Amended Complaint fails to show he has standing to assert an access to courts claim.  Thus, this Court will dismiss the access to courts claims which Plaintiff attempts to assert in the Second Amended Complaint for lack of standing.

17. Based on the foregoing, this Court will grant the motions to file a Second Amended Complaint and a supplement to the Second Amended Complaint, dismiss the Amended Complaint and the Second Amended Complaint, as supplemented, for failure to state a claim upon which relief may be granted, deny the motion to apply the holding of <u>Brodheim</u>, and deny the motion to consolidate this action with <u>Toolasprashad v. BOP</u>, Civil No. 09-5335 (RBK), as moot.

18. An appropriate Order accompanies this Memorandum Opinion.

                                                              s/Robert B. Kugler
                                                              **ROBERT B. KUGLER, U.S.D.J.**

Dated:    December 17   , 2009