<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| LATCHMIE TOOLASPRASHAD, | : | Civil No. 07-5860 (RBK) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION** |
| JAMES WILLIAMS, et al., | : | |
| Defendants. | : | |

It appearing that:

1. Presently before this Court is Plaintiff's motion [docket entry #25] to reconsider the Order [docket entry #22] dismissing the Amended Complaint, the Second Amended Complaint and the Supplemental Complaint, for failure to state a claim upon which relief may be granted. Alternatively, Plaintiff moves for a stay.

2. By Opinion and Order [docket entry nos. 6, 7] entered June 30, 2008, this Court dismissed the original Complaint without prejudice to the filing of an amended complaint which complied with the Federal Rules of Civil Procedure. This Court ruled that the Complaint did not comply with the mandate of Rule 8(a)(2) that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and the requirement of Rule 8(d)(1) that "[e]ach allegation must be simple, concise and direct." Fed. R. Civ. P. 8(a)(2) and (d)(1). The dismissal was without prejudice to the filing of an amended complaint which complied with Rule 8, as well as Rule 20(a)(2), limiting the joinder of defendants and Rule 18(a), governing the joinder of claims.

     3. Plaintiff thereafter filed an Amended Complaint [docket entry #8], an Amendment to Amended Complaint [docket entry #11], and a Supplemental Complaint [docket entry #12].

     4. By Order [docket entry #15] entered April 30, 2009, this Court dismissed the Amended Complaint, as supplemented, without prejudice to the filing of a second amended complaint stating a cognizable access to courts claim, within 30 days of the date of the entry of the Order. In the Opinion [docket entry #14], this Court dismissed the First Amendment retaliation claims, First Amendment Petition Clause claims, and claims regarding interference with parole hearing preparation, **with prejudice**, for failure to state a claim upon which relief may be granted. This Court dismissed Plaintiff's claim that defendants retaliated for his frequent assistance to fellow prisoners in exposing the corruption at FCI Fort Dix on the ground that prisoners do not possess a First Amendment right to provide legal assistance to fellow inmates under Shaw v. Murphy, 532 U.S. 223, 225 (2001). This Court further held that, to the extent that the Amended Complaint asserted that the constitutionally protected conduct was Plaintiff's pursuit of his own administrative remedy requests and civil actions, the retaliation claims failed because the alleged retaliatory actions were not sufficiently adverse.[1]

---

[1] Specifically, this Court held that the alleged transfer from the East Compound to the West Compound of FCI Fort Dix did not rise to the level of an adverse action, given that it was within the same prison and it lasted only 12 days. See Smith v. Yarrow, 78 Fed. App'x 529, 543 (6th Cir. 2003); Hix .v Tennessee Dept. of Corrections, 196 Fed. App'x 350, 358 (6th Cir. 2006). This Court further held that the 63-day delay in the delivery of an incoming letter from the chambers of a federal judge was not an adverse action because Plaintiff eventually received the letter and he failed to show that delay in receipt of the letter caused harm to his pursuit of a nonfrivolous legal claim. This Court held that delaying the visit from forensic psychologist James Hilkey until three days before Plaintiff's June 5, 2006, parole hearing was not an adverse action because Plaintiff did not assert that the delay harmed him in any way. This Court held that the transfer on May 2, 2008, from the food service job to the landscaping job was not sufficiently adverse because Plaintiff was transferred to the landscaping job for a total of one hour, and the transfer from the landscaping job to the janitor job

(continued...)

      5. Plaintiff thereafter filed a motion [docket entry #16] to file a second amended complaint on the ground that this Court misunderstood his claims, which he attempted to clarify in the second amended complaint. This Court granted the motion and dismissed the Second Amended Complaint with prejudice [docket entry #22]. The Second Amended Complaint repeated the same allegations as the first Amended Complaint with respect to Plaintiff's retaliation claims, which had been dismissed with prejudice, not on the ground that Plaintiff failed to assert retaliatory motive, but because the allegedly retaliatory actions were not sufficiently adverse as a matter of law. Nevertheless, this Court considered Plaintiff's further allegations; this Court again held that the transfer to another section of FCI Fort Dix for 12 days, the 63-day delay in the receipt of mail from the court, the transfer to the landscaping position for one hour, and the transfer to the janitor job at Plaintiff's request, were not sufficiently adverse to constitute an adverse action for the purpose of stating a First Amendment retaliation claim.[2] Accordingly, this Court dismissed these claims **with prejudice** again. In addition, this Court

---

[1](...continued)
was not adverse because Plaintiff himself requested this transfer.

[2] See Starr v. Dube, 334 Fed. App'x 341, 342-43 (1st Cir. 2009) (retaliatory filing of disciplinary charge that was dismissed one week later does not constitute adverse action); Walker v. Bowersox, 526 F. 3d 1186, 1190 (8th Cir. 2008) ("the two incidents when Knarr directed others to give Walker an alternative meal, although purportedly retaliatory, were not sufficiently severe to amount to a constitutional violation"); Morris v. Powell, 449 F. 3d 682, 685-86 (5th Cir. 2006) (prisoner's retaliatory job reassignment from the commissary to the kitchen for one week, with one day spent in the unpleasant pot room, was not sufficiently adverse to satisfy adverse action requirement because acts that cause only a "few days of discomfort," impose "a minor sanction" or an otherwise constitutional restriction on inmate are not sufficiently adverse); Gill v. Tuttle, 93 Fed. App'x 301, 303-04 (2d Cir. 2004) (to establish retaliation claim, inmate must allege adverse action that imposes a substantial impact on inmate); Jones v. Greninger, 188 F. 3d 322, 325-26 (5th Cir. 1999) (although retaliatory intent was properly alleged, claim that inmate was restricted to five hours per week in law library in retaliation for filing grievances failed because the alleged adverse acts did not rise to level of constitutional claim).

dismissed Plaintiff's access to courts claim with prejudice because Plaintiff's Second Amended Complaint failed to specify causes of action lost, failed to factually demonstrate that the lost causes were non-frivolous, and failed to show that Plaintiff had no other remedy to compensate him for his lost claims.

6. In his present motion, Plaintiff contends that this Court incorrectly dismissed his retaliation claims because he alleged facts showing protected conduct and he alleged facts showing retaliatory motive. However, as explained above, the dismissal of the retaliation claims was not based on the absence of facts demonstrating retaliatory motive or protected conduct. Rather, the dismissal of the retaliation claims was based on this Court's determination that the allegedly retaliatory actions were not sufficiently adverse to violate the Constitution.

7. Relief under Local Civil Rule 7.1(i) may be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice; and (d) an intervening change in prevailing law. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F. 3d 1194, 1218 (3d Cir. 1995); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

8. Plaintiff's motion for reconsideration will be denied because he has not shown manifest errors of law or fact, or an intervening change in prevailing law.

9. Plaintiff alternatively asks this Court to stay the matter in order for him to file a notice of appeal. Because this Court has dismissed Plaintiff's pleadings with prejudice and denied his motion to reconsider the dismissal, there is nothing to stay and the motion to stay will be denied.

4

      10.  An appropriate Order accompanies this Memorandum Opinion.

                                                      s/Robert B. Kugler  
                                                      **ROBERT B. KUGLER, U.S.D.J.**

Dated:    March 1   , 2010